UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OCTAVIUS CLAY, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-641-JD-MGG |

OPINION AND ORDER

Octavius Clay, a prisoner without a lawyer, filed a motion to reopen this closed case pursuant to Rule 60(b). ECF 12. Clay filed this lawsuit on August 26, 2021, but he neither paid the filing fee nor filed an in forma pauperis motion. ECF 1. He was granted time to resolve his filing fee status, but he did not do so by the deadline, so the case was dismissed. *See* ECFs 3, 5, 6. After the order of dismissal and judgment were docketed, the clerk received two substantively identical letters from Clay, which asked the clerk to give him a "better understanding on this 'filing fee' situation." ECF 7 & ECF 8. He asked whether his case was closed until he paid the filing fee, and he stated he was hoping to get on a "payment plan" if possible. *Id*.

Because Clay's letters were received within twenty-eight days of the dismissal, they were construed as a request to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e). The court denied that request because he had not shown good cause or excusable neglect for failing to respond to the court's show cause order, nor

had he sustained his burden of showing that the judgment should be set aside for any other reason. ECF 9 at 3.

Clay's current motion is brought pursuant to Federal Rule of Civil Procedure 60(b). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Clay argues there are several bases for relief under Rule 60(b): "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

The main thrust of Clay's argument is that he is entitled to relief based on excusable neglect because he is poorly educated, lacks legal knowledge, and relied on the misbegotten advice of jailhouse lawyers to his detriment. He further claims he attempted to comply with the court's show cause order regarding his filing fee status by writing to his counselor for a printout of his inmate trust fund account, but he was thwarted by her and other officials at the prison.[1] Finally, Clay claims he didn't understand the court's divisional transfer order, which led to his "total confusion on how to proceed with his civil lawsuit." ECF 12 at 9.

---

[1] He attaches correspondence dated September 21, 2021, wherein the counselor responded, "I can not do this. Our system is not accurate right now." ECF 12 at 3; *see also* ECF 12-2 at 1. After the October 4, 2021, deadline had passed, Clay states he received a printout of his trust fund account, but it was "not correctly done and did not include a six month accounting." ECF 12 at 3.

Although none of this information was relayed to the court prior to the filing of the instant motion, the court finds that Clay has demonstrated excusable neglect by now explaining, in detail, the various circumstances that led up to the dismissal. When viewed together as a whole, his lack of knowledge and confusion over the transfer order—specifically combined with the dilatory response from his counselor regarding the ledgers—is sufficient in this case to warrant a finding of excusable neglect. *See e.g. Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (defining excusable neglect as, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

Clay's motion also requests that he be allowed to amend his complaint prior to screening. In the interests of justice, he will be granted time to file an amended complaint.

For these reasons, the court:

(1) GRANTS the motion to reopen this case (ECF 12);

(2) VACATES the dismissal order and judgment (ECF 5 & ECF 6);

(3) GRANTS Octavius Clay until **March 28, 2023**, to file an amended complaint on the court's approved **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library; and

(4) CAUTIONS Octavius Clay that if he does not respond by the deadline, this case may be dismissed.

3

SO ORDERED on February 23, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT